UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

NATHAN M. ZUANICH,

                Petitioner,

    v.

RANDY BLADES,

                Respondent.

Case No. 1:11-cv-00154-EJL

**MEMORANDUM DECISION AND ORDER**

Pending before the Court are various motions ripe for adjudication in this federal

habeas corpus case, including Respondent Randy Blades's Motion to Dismiss Petitioner

Nathan Zuanich's entire case based on untimeliness and procedural default. (Dkt. 20.)

Having fully reviewed the record, including the state court record, the Court finds that the

parties have adequately presented the facts and legal arguments in the briefs and record

and that the decisional process would not be significantly aided by oral argument.

Therefore, in the interest of avoiding delay, the Court shall decide this matter on the

written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court enters the following Order granting Respondent's Motion to

Dismiss on statute of limitation grounds.

**MEMORANDUM DECISION AND ORDER - 1**

## PRELIMINARY MOTIONS

Pending before the Court is Petitioner's sixth request for appointment of counsel. (Dkt. 30.) Once again, the Court carefully considers whether counsel should be appointed, finds that no changed circumstances exist, and concludes that appointment of counsel is not warranted.

Petitioner argues that the Court made an inaccurate assertion with no factual evidence by observing that Petitioner has two years of college education. The report from Petitioner's psychological examination, taken from Petitioner's self-reported educational status, shows that Petitioner "has taken two years of college coursework." (State's Lodging B-3.) A medical record from St. Alphonsus similarly shows that Petitioner reported that he had "two years of college." (Dkt. 22-2, p. 2.) Finally, an in forma pauperis application of Petitioner presented to the state court shows that Petitioner owes between $10,000 and $14,000 for student loans, which suggests that he attended some college. (State's Lodging B-1, p. 26.)

Petitioner's other arguments have already been addressed in past orders, and, thus, the Court will not address them again here. The Court will deny the request for appointment of counsel. Because the Court has already provided Petitioner with an extended time to respond to the Motion to Dismiss, and Petitioner has already filed a response, no further response time is deemed necessary.

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner has filed a Motion for Clarification. (Dkt. 32.) That motion will be granted to the extent that the Court clarifies that, to determine a motion for appointment of counsel, the Court takes a brief look at the merits of the claims. An assessment that the claims "are not particularly meritorious" means that, for purposes of the motion for appointment of counsel, it does not appear that Petitioner can meet the high burden of 28 U.S.C. § 2254. At this stage of proceedings, the Court has concluded that appointment of counsel is not necessary and would not significantly aid Petitioner's case or assist the Court in the decision-making process.

Respondent filed a Motion for Extension of Time to File Reply (Dkt. 29), but recently gave notice that he did not intend to file a reply. (Dkt. 34.) Therefore, the Motion will be deemed moot.

## RESPONDENT'S MOTION TO DISMISS

In the pending Motion to Dismiss, Respondent argues that all of Petitioner's claims are subject to dismissal because the initial Petition was filed beyond the one-year statute of limitations.

### 1.    Factual and Procedural Background

### A.    *History of Charges, Conviction, and Judgment*

Petitioner was originally charged with two counts of felony domestic battery. (State's Lodging B-3, Exhibit 4.) Pursuant to a plea agreement with the State, Petitioner

MEMORANDUM DECISION AND ORDER - 3

pleaded guilty to one count of felony domestic battery, and the second count was dismissed. (State's Lodging A-1.)

Judgment was entered on June 2, 2005. (State's Lodging A-1.) Petitioner was sentenced to a unified ten-year term, with the first five years fixed, but the trial court retained jurisdiction for 180 days. (*Id.*)

On November 7, 2005, the state district court relinquished jurisdiction, but modified Petitioner's sentence to a unified ten-year term with only two years fixed. (State's Lodging A-2.) On November 8, 2005, Petitioner filed a Rule 35 motion seeking reconsideration of his sentence (State's Lodging A-3), which was denied on November 30, 2005. (State's Lodging A-5.) The state district court also filed an Amended Order Relinquishing Jurisdiction and Commitment on November 30, 2005. (State's Lodging A-4.)  Petitioner did not file a direct appeal. (See State's Lodging A-6.)

**B.       *Post-Conviction History Within the One-Year Federal Statute of Limitations Period***

On June 26, 2006, Petitioner filed a pro se petition for post-conviction relief. (State's Lodging B-1, pp.5-20.) Attorney John C. DeFranco was appointed to represent Petitioner in the post-conviction action. (*Id.*, pp.22-23.) The state filed an answer (*id.*, pp.33-45), an amended answer (*id.*, pp.46-48), and motion for summary dismissal (*id.*, pp.63-64) and supporting brief (State's Lodging B-4), to which Petitioner responded. (State's Lodging B-6.)

**MEMORANDUM DECISION AND ORDER - 4**

Through counsel, Petitioner filed a motion to amend his petition with an additional claim under *Estrada v. State*, 149 P.3d 833 (Idaho 2006). (State's Lodgings B-1, pp.65-69; B-5.) The trial court granted the motion to amend (State's Lodging B-1, pp.70-71), allowing Petitioner the opportunity to file a consolidated amended petition, to include all of his post-conviction claims. (*Id.*, pp.72-73.) Petitioner did not file a consolidated petition, so the trial court entered an Order (*id.*, pp.76-78) stating it would proceed "on the amended petition for post-conviction relief that was filed with the Court on January 2, 2007." (*Id.*, p.77.)

Petitioner then filed a "motion dismissing counsel," seeking an order requiring Attorney DeFranco's withdrawal, as well as an order of appointment of substitute counsel (State's Lodging B-1, pp.79-85), followed by a "motion for withdrawal of any and all unauthorized actions conducted by John C. DeFranco." (*Id.*, pp.86-88.) After a hearing on Petitioner's motion (State's Lodging B-2), the trial court dismissed DeFranco as Petitioner's counsel, but declined Petitioner's request to appoint substitute counsel. (*Id.*, pp.21-23.) The court also set a hearing date for the state's motion for summary dismissal of Petitioner's amended petition, took notice of a new address for Petitioner where he would be paroled within the next few days, and further advised Petitioner to notify the court and the State of any other changes in his address. (*Id.*, pp.24-25.) Petitioner did not file a written objection to the motion for summary dismissal, nor did he appear at the hearing. (State's Lodging B-1, p. 92.) On July 24, 2007, based upon the State's motion for

**MEMORANDUM DECISION AND ORDER - 5**

summary dismissal, the trial court dismissed Petitioner's post-conviction petition. (*Id.* pp.92-94.) Petitioner did not file an appeal. (*See generally* State's Lodging B-1.)

**C.      *Additional State Court History After the Federal Statute of Limitations Expired***

Almost two years after dismissal of the post-conviction matter, on January 9, 2009, Petitioner sent a letter to the Ada County Prosecutor "requesting any and all documentation in and for my case (CV-PC200611701) so that I could proceed with my petition." (State's Lodging B-1, p. 95.) In a letter dated January 27, 2009, the prosecutor's office informed Petitioner that his first post-conviction case had been dismissed on July 24, 2007. (*Id.*)

On March 27, 2009, Petitioner filed a pro se successive post-conviction petition. He also filed an amendment to the petition for post-conviction relief in the original closed post-conviction matter on the same day, which the trial court treated as an amendment to the open successive post-conviction petition. (*Id.*, pp.102-05.) The trial court dismissed Petitioner's successive post-conviction action on March 30, 2009, stating "[t]here is nothing set forth that would be the basis for the Court allowing a 'Successive Post Conviction Petition,' filed almost two years from the date of the dismissal." (*Id.*, pp.105-07.)

On May 19, 2009, Petitioner filed a pro se notice of appeal (State's Lodging B-1,

**MEMORANDUM DECISION AND ORDER - 6**

pp.108-09), and the trial court appointed the State Appellate Public Defender ("SAPD")

to represent him. (*Id.*, p.122.) Petitioner filed a motion limiting the SAPD's involvement

in his appeal, the SAPD was permitted to withdraw, various deadlines for Petitioner to

file his opening brief pro se were set, and the appeal was eventually dismissed for

Petitioner's failure to comply with the Idaho Supreme Court orders. (State's Lodgings

C-1 to C-21.) The remittitur in that action was issued on January 6, 2011. (State's

Lodging C-22.)

> ### D.     *This Action*

To initiate this action, Petitioner filed a pro se Petition for Writ of Habeas Corpus

on April 14, 2011.[1] (Dkt. 2.) Petitioner filed a Motion for Leave to Amend his Petition

with Proposed Amended Petition on June 6, 2011 (Dkt. 7), which was granted on August

17, 2011. (Dkt. 19.) The dates related to the Amended Petition are not relevant to the

statute of limitations analysis because they do not affect either the date of finality of the

conviction at issue or the filing date of the original federal Petition for Writ of Habeas

Corpus, the date most favorable to Petitioner.

---

[1] Petitioner did not indicate on his mailing certificate which date he handed his Petition to official for mailing, and so the Court uses the actual filing date.

**MEMORANDUM DECISION AND ORDER - 7**

2**.**     **Statute of Limitations Standard of Law**

The Petition for Writ of Habeas Corpus in this case is governed by the provisions

of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under

AEDPA, petitioners have a one-year statute of limitations period within which to file a

federal habeas corpus petition. The one-year period usually begins to run from the date

the state court judgment "became final by the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United

States Supreme Court recently clarified application of this rule:

> For petitioners who pursue direct review all the way to this Court,
> the judgment becomes final at the "conclusion of direct review"—when this
> Court affirms a conviction on the merits or denies a petition for certiorari.
> For all other petitioners, the judgment becomes final at the "expiration of
> the time for seeking such review"—when the time for pursuing direct
> review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

The statute provides tolling (stopping) of the one-year period for all of "[t]he time

during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

2244(d)(2). A motion to reduce one's sentence that is not a part of the direct review

process and that requires re-examination of the sentence to determine appropriateness

qualifies as a collateral review application that tolls the one-year statute of limitations.

*Wall v. Kholi*, 131 S.Ct. 1278 (2011). Thus, to the extent that a petitioner properly filed

**MEMORANDUM DECISION AND ORDER - 8**

an application for post-conviction relief in state court, or other collateral review, the time

that such application was pending in state court will not count toward the one-year

limitations period.

**3.      Discussion of Statute of Limitations Issue**

Petitioner did not file a notice of appeal after his judgment was entered by the

state court. He did file a Rule 35 motion to reduce his sentence the day after judgment

was entered. That motion was denied on November 30, 2005, the same day the amended

order relinquishing jurisdiction was entered. Because he did not pursue an appeal of

either order, Petitioner's judgment became final 42 days after the orders of November

30, 2005. *See State v. Repici*, 835 P.2d 1349, 1350 (Idaho Ct. App. 1992), citing I.A.R.

14(a) (Idaho grants a convicted criminal defendant 42 days from the date an order

relinquishing judgment is entered in which to file an appeal); *Gonzales v. Thaler*, *supra*.

The state district court relinquished jurisdiction on November 30, 2005, and 42 days

after that date was December 19, 2005.

Accordingly, Petitioner's federal statute of limitations began to run on December

19, 2005, and it ran for 208 days, until it was tolled on June 26, 2006, when Petitioner

filed his post-conviction application.

The state district court dismissed the post-conviction action on July 24, 2007, and

the federal statute of limitations began to run again 42 days after that date, because

Petitioner did not appeal from that order. Forty-two days after July 24, 2007 was

**MEMORANDUM DECISION AND ORDER - 9**

September 4, 2007. The federal statute ran from that date until the remaining 157 days of the one-year limitations period expired on February 8, 2008. Because Petitioner's federal Petition for Writ of Habeas Corpus was not filed until more than three years later, on April 14, 2011, it was not timely.

When Petitioner filed his second post-conviction action on March 27, 2009, the federal statute had already expired on February 8, 2008. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Accordingly, that post conviction filing does not apply to or affect the already expired statute of limitations period.

**4.      Standard of Law and Discussion re: Equitable Tolling Exception**

The federal statute of limitations period may be equitably tolled under exceptional circumstances. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 418. In order to qualify for equitable tolling, an exceptional circumstance must have caused Petitioner to be unable to file his federal Petition in time. Petitioner bears the burden of showing that equitable tolling should apply to his case. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

The Court has reviewed the record and finds that Petitioner has not provided any facts to show he was diligently pursuing his right to file a petition within the limitations period, nor has Petitioner alleged any exceptional circumstance that the State prevented him from doing so. The time periods at issue when the statute of limitations was running are (1) between December 15, 2005, and June 26, 2006, and (2) between September 4, 2007, and February 8, 2008.

Petitioner alleges that he was mentally ill and in the hospital in January 2005 (*see* medical records, at Dkt. 25-4, pp. 1-2), and that he had a nervous breakdown and did not receive his medication near the time he pleaded guilty in June 2005. (*see* allegations only, at Dkt. 26, pp. 2-3.) However, Petitioner had a mental health evaluation to determine his competence to assist counsel prior to entering a guilty plea and being sentenced (*see* State's Lodging B-1, pp. 34-35.), and there is no indication in the record that he was unable to protect his legal interests because of a mental illness after the amended judgment was entered in November 2005. In addition, Petitioner filed a coherent pro se petition for post-conviction relief on June 26, 2006, belying any allegation that he was so mentally ill during the federal statute of limitations time period that he was unable to protect his own interests.

At the time Petitioner pleaded guilty, through the time the Rule 35 motion for reconsideration of sentence was filed in 2005, Petitioner's public defender was David Smethers. Petitioner provides a letter from the State Bar of Idaho showing that, on

**MEMORANDUM DECISION AND ORDER - 11**

February 1, 2008, Smethers admitted that he committed a criminal act and was suspended from practicing law for 60 days. Smethers had an active bar license in 2009 when Petitioner inquired about Smethers' status. (Dkt. 26-1, p. 3.) Petitioner has not shown how any act of Smethers prevented Petitioner from filing a timely federal habeas corpus petition between the dates in question. Accordingly, these allegations do not aid an equitable tolling argument.

Petitioner also alleges that he sent a letter to his former attorney, Mr. DeFranco, on November 13, 2008, requesting his entire post-conviction file, but Mr. DeFranco did not respond to the letter. (Dkt. 26-1, p. 17.) By the time Petitioner sent his letter, the federal statute had been expired for nine months; thus, this allegation does not aid his equitable tolling argument.

Petitioner alleges that he never received notice of the hearing on the State's motion to dismiss the petition for post-conviction relief, nor was he aware of the order to dismiss the petition for post-conviction relief until the prosecutor responded to Petitioner's January 2009 written request for documents related to his case (Dkt. 26, pp.6-7.) However, Petitioner himself was present at a May 21, 2007 hearing on Petitioner's motion to dismiss counsel, and, at that hearing, the judge set a date of July 13, 2007, for the hearing on the state's motion to dismiss, *and* Petitioner confirmed his current mailing address where all pleadings and documents would be sent and agreed to provide any change of address to the court. (State's Lodging B-2, pp. 24-25.) Thereafter,

**MEMORANDUM DECISION AND ORDER - 12**

written notice of the hearing on the State's motion to dismiss was sent to Petitioner at the address of record, as was a copy of the order to dismiss the petition for post-conviction relief. (State's Lodging B-1, pp. 92-94.)

Petitioner acknowledges that he knew the motion to dismiss hearing was to be held on July 13, 2007, at 1:30 p.m. (Dkt. 26, p. 6), and, yet, he did not attend the hearing or ask for a postponement. Absent from the record is any explanation by Petitioner of whether he still lived at the address on file with the court when a copy of the order of dismissal was mailed to him, or whether Petitioner had moved to a new residence without notifying the state court.

Petitioner argues only that the address he gave to the court was a halfway house without individual mail delivery for each occupant. (Dkt. 27, pp. 4-5.) However, knowing this, Petitioner should have take additional steps to either attend the hearing on July 13, 2007 at 1:30 p.m., or find out whether it had been postponed and his attendance was no longer required on that date.

Thus, even though he had personal oral notice that the hearing on the motion to dismiss was to be held in July 2007, Petitioner did not follow up with the Court until January 9, 2009, when he was told that the case had been dismissed two years earlier. (*Id.*) Similarly, Petitioner's January 9, 2009, letter to the attorney general, inquiring of the status of the post-conviction case, came nearly a year after the federal statute of

**MEMORANDUM DECISION AND ORDER - 13**

limitations had expired. There is no diligence shown in this sequence of events; hence, equitable tolling is not warranted in this case.

**5.      Standard of Law and Discussion re: Actual Innocence Exception**

Petitioner also argues that his failure to meet the federal statute of limitations should be waived because he is actually innocent. (Dkt. 27, p. 5.) The United States Court of Appeals for the Ninth Circuit has determined that "Congress intended for the actual innocence exception to apply to AEDPA's statute of limitations." *See Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011) (*en banc*). If a petitioner brings forward evidence that "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt," actual innocence serves as a "gateway" to permit the federal court to hear Petitioner's constitutional claims on the merits. *Id*. at 937.

The *Lee* Court explained:

> This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence."[2] As we have previously said, "where post-conviction evidence casts doubt on the conviction by undercutting the reliability of the proof of guilt, but not by affirmatively proving innocence, that can be enough to pass through the *Schlup* gateway to allow consideration of otherwise barred claims."[3]

---

[2] *Lee* is quoting *House v. Bell*, 547 U.S. 518, 538 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

[3] *Lee* is quoting *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002) (*en banc*) (citing *Carriger v. Stewart*, 132 F.3d 463, 478–79 (9th Cir. 1997) (*en banc*)).

**MEMORANDUM DECISION AND ORDER - 14**

*Id.* at 938.

Accordingly, types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence."  *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

Here, Petitioner has not provided sufficient facts to meet the *Schlup* standard, showing that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt as to the felony domestic violence crime of which he stands convicted. Rather, the record reflects that Petitioner pleaded guilt in open court.

Under such circumstances, the United States Supreme Court has instructed:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner alleges that he pleaded guilty because he was mentally and medically ill, and, thus, incompetent to plead guilty. (State's Lodging B-1, p. 12.) However, "actual innocence" requires that one make a colorable showing that he is factually, not merely legally, innocent of the charges.  *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Petitioner

**MEMORANDUM DECISION AND ORDER - 15**

has not provided evidence supporting factual innocence of the domestic violence charge at the time it occurred; his argument that he was incompetent at the time he pleaded guilty is an argument of legal innocence addressing a later time period.

Based on the totality of the record, the Court concludes that Petitioner has not shown that the actual innocence exception applies to excuse the untimeliness of the Petition.

### 6.    Conclusion

Respondent alternatively argues that Petitioner's claims are procedurally defaulted and subject to dismissal with prejudice. Because the Court concludes that the original Petition was filed beyond the statute of limitations period, that the Amended Petition does nothing to aid Petitioner as to timeliness, and that no excuse for the late filing exists, the entire case is subject to dismissal with prejudice, and the Court need not address procedural default.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

**MEMORANDUM DECISION AND ORDER - 17**

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues raised in the Petition and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court **within thirty (30) days after entry of this Order**, and he may file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b)(2).

## ORDER

**IT IS ORDERED:**

1.  Respondent's Motion for Extension of Time to File Reply (Dkt. 29) is MOOT, as a result of the notice that Respondent does not intend to file a reply. (Dkt. 34.)

2.  Petitioner's Requests for Appointment of Counsel (Dkt. 24, 30) are DENIED.

3.  Petitioner's Motion for Clarification (Dkt. 32) is GRANTED, to the extent set forth above.

4.  Respondent's Motion to Dismiss (Dkt. 20) is GRANTED.

**MEMORANDUM DECISION AND ORDER - 18**

5.    The Petition for Writ of Habeas Corpus and Amended Petition for Writ of

      Habeas Corpus (Dkt. 2, 25), and this entire action, are DISMISSED with

      prejudice.

6.    The Court will not grant a Certificate of Appealability in this case. If

      Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered

      to forward a copy of this Order, the record in this case, and Petitioner's

      notice of appeal, to the United States Court of Appeals for the Ninth

      Circuit.

DATED:  **August 29, 2012**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 19**